UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JORGE MALDONADO, on behalf of himself and
all other persons similarly situated,

                        Plaintiff,

      -against-

MONTE'S ELITE PIZZA LLC and ANDREW
MONTELEONE,

                       Defendants.
---------------------------------------------------------------X

Docket No.:

**COMPLAINT**

*FLSA Collective Action*

    Plaintiff, JORGE MALDONADO ("Plaintiff"), on behalf of himself, individually, and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants MONTE'S ELITE PIZZA LLC ("Monte's"), and ANDREW MONTELEONE ("Monteleone," together with Monte as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

    1.    Plaintiff brings this action against Defendants for failure to pay Plaintiff premium overtime wages for all hours worked in excess of forty hours per week in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"), as well as for failure to pay spread of hours compensation under the NYLL and 12 N.Y.C.R.R. § 146-1.6, failure to furnish a proper wage notice at his time of hire under NYLL § 195(1), failure to provide accurate wage statements for each pay period under NYLL § 195(3), and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

6. Plaintiff is a resident of the County of Suffolk, State of New York.

7. At all times relevant, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and New York Labor Law § 190(2).

8. At all times relevant, Defendant Monte's was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York with a principal place of business located at 300 Maple Avenue, Smithtown, New York.

9. At all times relevant, Defendant Monte's was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate

commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendants' employees were engaged in preparing and serving pizzas and other Italian-style foodstuffs, and used equipment and other materials, such as fruits, vegetables, grains, meat, poultry, cooking vessels, cleaning supplies, paper products, furniture, kitchen utensils, and other tools, equipment and products, many of which originated in states other than New York.

10. At all times relevant, Defendant Monte's was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law § 190(3).

11. At all times relevant, Defendant Monteleone is and/or was an officer and/or owner of Monte's, had authority to make payroll and personnel decisions for Monte's, was active in the day-to-day management of Monte's, including the payment of wages to Plaintiff and other employees and determining what wages were paid to Plaintiff and other employees, and is liable as an "employer" within the meaning of the FLSA and NYLL.

## FACTS

12. Defendants are engaged in the business of preparing and selling pizzas and other Italian-style foodstuffs to customers at its restaurant located at 300 Maple Avenue, Smithtown, New York.

13. Plaintiff was employed by the Defendants as a pizzaman and cook from in or about 2007, until December 9, 2021. During his employment, Plaintiff's regular rate of pay was $18.00 per hour for all hours worked, including those hours worked in excess of forty hours per week.

14. Throughout his employment, Plaintiff regularly worked five or six days per week, with Wednesday's as his usual day off. Plaintiff worked from 10:00 a.m. until 10:00 p.m. without an uninterrupted meal break each day. Accordingly, throughout his employment, Defendants

required Plaintiff to work, and Plaintiff did regularly work, between approximately sixty and seventy-two hours per workweek.

15. Throughout his employment, Defendants would compensate Plaintiff at his straight time rates of pay for all hours worked, including those hours worked after forty hours per workweek. Therefore, at no time during Plaintiff's employment was he compensated at a rate of one and one-half times his regular hourly rate for any hours worked in excess of forty each week.

16. Plaintiff received his wages each week part in check, and part in cash.

17. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

18. Throughout his employment, Plaintiff often worked daily shifts that exceeded ten hours per workday from its start to its finish. However, Defendants failed to pay Plaintiff spread of hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

19. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate in his primary language upon Plaintiff's hire as required by NYLL § 195(1).

20. Throughout his employment, Defendants failed to provide Plaintiff with accurate wage statements along with his pay, that depicted his total hours worked and total wages earned, including the correct amount of overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

21. Defendants failed to post required notices regarding payment of minimum wages and overtime compensation as required by the FLSA and NYLL.

22.     Defendants treated and paid Plaintiff and the FLSA Collective Action Plaintiffs in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

23.     At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) hours each week.

24.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

25.     Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of himself and the following similarly situated employees:

> All persons who are currently or have been employed by the Defendants as pizzamen, cooks, and/or in any other similarly-situated position, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

26.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).

27. Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)**

28. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

29. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate them for all their time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates, in violation of the FLSA.

30. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.

31. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

32. Due to Defendants' violations of the FLSA, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

33. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

34. Defendants employed Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and failed to compensate the Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular hourly rates, in violation of the NYLL.

35. By Defendants' failure to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, proper overtime wages for all hours worked in excess of 40 hours per week, Defendants violated the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

36. Defendants' violations of the NYLL as described in this Complaint have been willful and intentional.

37. Due to Defendants' violations of the NYLL, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and interest as permitted by law.

## THIRD CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – SPREAD OF HOURS VIOLATION)

38. Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

39. Defendants failed to pay Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, one additional hour of pay at the basic minimum wage rate for each day their spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR § 146-1.6.

40. Defendants' failure to pay spread-of-hours compensation was willful and intentional.

41. For the foregoing reasons, Plaintiffs and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

## FOURTH CLAIM FOR RELIEF
## (VIOLATION OF NYLL § 195(1))

42. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

43. Defendants failed to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon their hire, and/or failed to provide same in their primary language, regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information, as required by NYLL § 195(1).

44. Due to Defendants' failure to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## FIFTH CLAIM FOR RELIEF
## (VIOLATION OF NYLL § 195(3))

45. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

46. Defendants failed to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements, depicting their wages earned, including, *inter alia*, their amount of overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

47. Due to Defendants' failure to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements along with their wages as required by NYLL § 195(3), Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, prays for the following relief:

i. An order restraining Defendants from any retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting

9

|      |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                 |
|------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|      | regulations, and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;                                                                                                                                                                                                                                                                                                                                                                                  |
| iii. | Designation of this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations; |
| iv.  | Unpaid wages, including but not limited to unpaid overtime pay, unpaid spread of hours pay, and unpaid wages owed at their agreed upon rates of pay, pursuant to the NYLL and New York Department of Labor Regulations, plus an equal amount in liquidated damages;                                                                                                                                                                                                                                                              |
| v.   | Damages pursuant to New York Labor Law §§ 195(1), (3), and 198;                                                                                                                                                                                                                                                                                                                                                                                                                                                                  |
| vi.  | Pre- and post-judgment interest as permitted by law;                                                                                                                                                                                                                                                                                                                                                                                                                                                                             |
| vii. | All attorneys' fees incurred in prosecuting these claims;                                                                                                                                                                                                                                                                                                                                                                                                                                                                        |
| viii.| All costs incurred in prosecuting these claims; and                                                                                                                                                                                                                                                                                                                                                                                                                                                                              |
| ix.  | Such other and further relief as this Court deems just and proper.                                                                                                                                                                                                                                                                                                                                                                                                                                                               |

Dated: Hauppauge, New York
June 17, 2022

                                         LAW OFFICE OF PETER A. ROMERO PLLC
                                         *Attorneys for Plaintiff*
                                         490 Wheeler Road, Suite 250
                                         Hauppauge, New York 11788
                                         Tel.: (631) 257-5588

                              By: _____
                                         MATTHEW J. FARNWORTH, ESQ.
                                         PETER A. ROMERO, ESQ.

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Monte's Pizzeria, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_Jorge Maldonado_  
Jorge Maldonado

_03/30/2022_  
Date